# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4404 | **DATE** | January 9, 2003 |
| **CASE TITLE** | *United States of America ex rel. Pierre Willhite vs. Jonathan R. Walls* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part respondent's motion to dismiss [14-1]. The court orders respondent to answer the petition as to the remaining Confrontation Clause issue by January 23, 2003. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 0 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CW | courtroom deputy's initials | 03 JAN -9 PM 3:19 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JAN 1 0 2003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* PIERRE WILLHITE,<br><br>Petitioner,<br><br>v.<br><br>JONATHAN R. WALLS<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 02 C 4404<br><br>Judge James H. Alesia |

## MEMORANDUM OPINION AND ORDER

Before the court is respondent's motion to dismiss petitioner's petition for a writ of habeas corpus. For the following reasons, the court grants in part and denies in part respondent's motion to dismiss.

## I. BACKGROUND

On January 9, 1998, a jury in the Circuit Court of Cook County, Illinois convicted petitioner Pierre Willhite ("Willhite") of first-degree murder. As a result, Willhite was sentenced to consecutive terms of imprisonment of sixty years for his murder conviction and an additional six years for a home invasion conviction. Willhite has filed a petition for a writ of habeas corpus, alleging that his constitutional rights were violated at trial and during review of his Illinois post-conviction petition.

Willhite appealed his conviction and sentence to the Appellate Court of Illinois, which affirmed the trial court's decision in an order dated June 14, 1999. Willhite then filed a *pro se*



petition for leave to appeal to the Supreme Court of Illinois, which was denied on October 6, 1999.

On June 28, 1999, Willhite filed a petition for post-conviction relief. The Circuit Court of Cook County denied the petition on September 23, 1999. On appeal, Willhite's attorney sought leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), because he believed that there were no meritorious issues on appeal. On June 19, 2000, the Appellate Court of Illinois granted the request to withdraw and affirmed the circuit court's judgment. On July 5, 2000, Willhite filed a petition for rehearing by the appellate court, which was denied on July 12, 2000. Ultimately, Willhite was granted leave to file a late petition for leave to appeal to the Supreme Court of Illinois. The supreme court denied the petition on June 29, 2001.

Willhite filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 17, 2002. In his petition, he raises four claims: (1) the prosecution bolstered its case with hearsay testimony, in violation of his Sixth Amendment right to confront witnesses against him; (2) the Circuit Court of Cook County violated his Fourteenth Amendment Due Process rights by erroneously dismissing his state court petition for post-conviction relief; (3) he was denied effective assistance of counsel – in violation of the Sixth and Fourteenth Amendments – when his attorney withdrew during his appeal of his state court petition for post-conviction relief; and (4) his constitutional rights were violated when the circuit court judge dismissed his petition for post-conviction relief without an evidentiary hearing. Respondent now moves to dismiss Willhite's petition. Particularly, respondent argues: (1) Willhite's petition is time-barred and (2) Willhite's claims are not cognizable under 28 U.S.C. § 2254. First, the court

will determine whether Willhite's petition was timely. Second, the court will review whether Willhite's claims are cognizable.

## II. DISCUSSION

### A. Standard for Reviewing a Petition for a Writ of Habeas Corpus

A petitioner seeking a writ of habeas corpus must establish that the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Ellsworth v. Levenhagen*, 248 F.3d 634, 638 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)). A state court decision is "contrary to" Supreme Court precedent if the state court applies a rule that contradicts the law as set forth by the Supreme Court or if the state court addresses facts that are materially indistinguishable from a Supreme Court decision and reaches a result different from the Supreme Court. *Whitehead v. Cowan*, 263 F.3d 708, 716 (7th Cir. 2001) (citing *Williams*, 529 U.S. at 405). A state court decision is an "unreasonable application" of Supreme Court precedent when the state court identifies the proper governing precedent of the Supreme Court but unreasonably applies it to the facts or when the state court unreasonably extends Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that precedent to a context where it should apply. *Id.* (citing *Williams*, 529 U.S. at 407). With this standard in mind, the court will review respondent's motion to dismiss.

## B. The Timeliness of Willhite's Petition

Respondent argues that the court should dismiss Willhite's petition because it was not filed within one year of the date that his conviction became final. Willhite argues in response that his petition was timely because he was prevented from filing his state-court petition for post-conviction relief by state-imposed impediments and, therefore, the statute of limitations did not begin to run until those impediments were removed.

A one-year statute of limitations governs petitions for habeas corpus for prisoners in state custody. 28 U.S.C. § 2244(d). Relevant to this motion, that one-year period begins to run from the later of either: (1) the date on which the judgment became final or (2) the date of removal of a state-imposed impediment that prevented the petitioner from filing his petition. 28 U.S.C. § 2244(d)(1)(A), (B). Respondent argues that section 2244(d)(1)(A) governs this case, but Willhite contends that section 2244(d)(1)(B) is controlling. The parties do not dispute that the statute of limitations ran from the time that the Supreme Court of Illinois denied Willhite's petition for leave to appeal his state court post-conviction petition on June 29, 2001 until the time that he filed the instant petition for habeas corpus on June 17, 2002 – a span of 352 days. Therefore, Willhite's petition is untimely if the statute of limitations ran for more than thirteen days, from the time his conviction became final on October 6, 1999 until the supreme court denied his petition for leave to appeal on June 29, 2001.

### 1. Statute of Limitations

Willhite argues that section 2244(d)(1)(B) applies because: "[W]hen the Court, or the U.S. mail, or the Department of Corrections failed to deliver the appellate court's order denying

4

his petition for rehearing[,] an impediment created by State action prevented petitioner from timely filing his court documents." (Pet'r Trav. at 3-4.) Therefore, according to Willhite, under section 2244(d)(1)(B), the statute of limitations did not run until that impediment was removed by his receipt of the appellate court's order. However, Willhite's allegations of a state-imposed impediment pertain only to his timely filing of a petition for leave to appeal to the Supreme Court of Illinois. He makes no allegation of any state action that prevented him from filing the instant petition for a writ of habeas corpus. Section 2244(d)(1)(B) expressly pertains only to state-imposed impediments that prevent prisoners from filing a *federal* petition for a writ of habeas corpus. Willhite cites no authority – nor has the court's own research revealed any – to support the conclusion that an impediment to filing a petition for review in state court constitutes an impediment to filing a federal habeas petition, within the meaning of section 2244(d)(1)(B). Therefore, the court concludes that section 2244(d)(1)(B) does not apply to the instant case and that the statute of limitations began to run as of October 6, 1999 – the date when Willhite's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

However, the statute of limitations is tolled during the time that a properly filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Willhite filed a petition for post-conviction relief on June 28, 1999. Pursuant to section 2244(d)(2), the statute of limitations was tolled while that post-conviction petition was pending. Therefore, the statute of limitations was tolled from October 6, 1999 until Willhite's petition for post-conviction relief was no longer pending.

The Circuit Court of Cook County denied Willhite's petition for post-conviction relief on September 23, 1999. (Resp't Ex. F.) Willhite appealed that decision to the Appellate Court of Illinois, which affirmed the circuit court's judgment on June 19, 2000. He then requested rehearing by the appellate court, which was denied on July 12, 2000. After the appellate court denied Willhite's request for rehearing, he had twenty-one days to seek leave to appeal to the Supreme Court of Illinois but did not do so. Willhite argues that he did not receive the order denying his request for rehearing, and that he was not informed that he needed to file a late petition for leave to appeal in order to pursue his case to the Supreme Court of Illinois until he received a letter dated December 13, 2000. He filed a motion to file a late petition for leave to appeal on or about December 20, 2000, and his motion was granted on December 27, 2000. He then filed his petition for leave to appeal on January 11, 2001, and the supreme court denied it on June 29, 2001. The court must determine for how much of this time Willhite's post-conviction petition was "pending" – thus tolling the statute of limitations – within the meaning of section 2244(d)(2).

The Seventh Circuit has held that, when a habeas petitioner fails to file a timely request for leave to appeal the appellate court's decision on his state post-conviction petition, his application is not "pending" between the time of the appellate court's order and the time that the prisoner requests permission to file a late appeal of that order. *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000). In *Fernandez*, the court held that the statute of limitations was not tolled for the period of time between the order that the petitioner failed to appeal and the prisoner's request to file an appeal out of time. *Id.*

Therefore, in this case, the statute of limitations is not tolled under 28 U.S.C. § 2244(d)(2) for the period between the appellate court's order of July 12, 2000 and Willhite's motion to file a late petition for leave to appeal to the Supreme Court of Illinois, which he claims that he mailed on December 20, 2000 and the supreme court filed on December 26, 2000. (Resp't Ex. L; Resp't Reply at ¶ 14-15.) Under *Fernandez*, once Willhite filed his motion to file a late petition for leave to appeal, his petition was once again pending, within the meaning of 28 U.S.C. § 2244(d)(2).

In conclusion, the statute of limitations began to run on October 6, 1999, when Willhite's conviction became final. However, it was tolled from October 6, 1999 until July 12, 2000, due to his pending petition for post-conviction relief. It was tolled once again starting on or about December 20, 2000, when his post-conviction petition was once again pending. Thus, during this time, the statute ran for more than 13 days between July 12, 2000 until December 20, 2000. Therefore, based upon the applicable statute of limitations and the relevant tolling provisions, Willhite's petition is not timely.

However, although Willhite's argument regarding his failure to receive a copy of the appellate court's order is not convincing on the issue of the applicable statute of limitations, it could be construed as an argument for equitable tolling.

### 2. Equitable tolling

Although Willhite does not expressly argue that the statute of limitations should be equitably tolled, the court will review his argument in that context in order to determine whether he can establish that his habeas petition should not be time-barred.

7

The one-year period of limitations for habeas corpus petitions is not jurisdictional and, therefore, is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). Equitable tolling excuses an untimely filing "when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Id.* at 597. However, equitable tolling is granted sparingly and only when "extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

In this case, Willhite claims that he never received a copy of the appellate court's order denying his petition for a rehearing and, therefore, he never knew of the court's decision. Consequently, he was prevented from pursuing his appeal of his post-conviction petition. He wrote a letter to the clerk of the appellate court inquiring about the status of his case and received a reply informing him that the court had denied his request for a rehearing. (Resp't Ex. Q at 1-2.) Willhite wrote another letter to the clerk, explaining that he had not received a copy of the order and asking what he should do. (Resp't Ex. Q at 3-4.) He received a letter dated December 13, 2000 from the Clerk of the Appellate Court of Illinois that informed him that he should file a late petition for leave to appeal with the Supreme Court of Illinois. (Resp't Ex. Q at 5.) Until he received that letter – sometime after December 13, 2000 – Willhite had no knowledge that he should be taking action in his case. Because he did not know that his petition for rehearing in the Appellate Court of Illinois had been denied, he could not have taken further action to pursue his claim. The court finds that this constituted extraordinary circumstances beyond Willhite's control that entitles him to equitable tolling. Therefore, the court concludes

8

that the statute of limitations on Willhite's habeas petition should be equitably tolled from the date of the appellate court's order on July 12, 2000 until he received the December 13, 2000 letter. *See United States ex rel. Wesley v. Chrans*, No. 00 C 4826, 2001 WL 1155260, at *5 (N.D. Ill. Sept. 28, 2001) (holding that habeas petitioner's delay in receiving notification of disposition of state court post-conviction petition constituted exceptional circumstances that entitled petitioner to equitable tolling of statute of limitations).

Thus, the statute of limitations was equitably tolled until Willhite received the December 13, 2000 letter. It then ran until he filed his motion for leave to file a late petition for leave to appeal – thus making his post-conviction petition pending – sometime before December 26, 2000. Therefore, the statute of limitations ran for fewer than thirteen days between the Appellate Court of Illinois's denial of Willhite's petition for rehearing and his filing of his motion for leave to file a late petition for leave to appeal.

The court finds that the statute of limitations ran for fewer than 365 days and concludes that Willhite's petition for a writ of habeas corpus is timely. Consequently, the court denies respondent's motion to dismiss on these grounds.

C. **Whether Willhite's Claims are Cognizable**

Respondent argues that Willhite's claims are not cognizable because they concern only issues of state law, which are not appropriate subject matter for a petition for a writ of habeas corpus. The court will review respondent's argument with regard to each of Willhite's claims in turn.

### 1. Willhite's Hearsay Claim

Respondent argues that Willhite's claim regarding hearsay evidence concerns only state law and, therefore, is not appropriate for consideration by a court reviewing a habeas petition. Willhite argues in response that prosecution's use of hearsay evidence in Detective March's testimony violated his Sixth and Fourteenth Amendment right to confront witnesses against him.

As a general rule, evidentiary rulings of state trial courts are not subject to habeas review. *Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001). The admissibility of evidence is a matter of state law and does not constitute a constitutional violation unless a specific constitutional right was violated. *United States ex rel. James v. Roth*, No. 98 C 7230, 2001 WL 755433, at *5 (N.D. Ill. July 6, 2001) (citing *United States ex rel. Bibbs v. Twomey*, 506 F.2d 1220, 1223 (7th Cir. 1974)). The admission of hearsay evidence at trial can, in certain circumstances, constitute a violation of the defendant's Sixth Amendment right to confront witnesses. *Miles v. Burris*, 54 F.3d 284, 288 (7th Cir. 1995). Similarly, an evidentiary ruling may violate the defendant's due process rights by denying him a fair trial. *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir. 1997). Therefore, Willhite's claim is cognizable, insofar as it raises a federal constitutional issue. Accordingly, the court denies respondent's motion to dismiss as to this claim by Willhite.

### 2. Willhite's Claims Regarding his Post-Conviction Petition

Willhite's other claims concern his state court petition for post-conviction relief. Respondent argues that these claims are non-cognizable in a petition for a writ of habeas corpus because there is no federal constitutional right to state collateral review. Willhite's claims

regarding his post conviction petition give rise to two issues: (1) the circuit court's denial of his petition without an evidentiary hearing violated his constitutional rights and (2) his attorney's withdrawal during the appeal of his post-conviction petition violated his right to counsel.[1] First, the court will address the circuit court's dismissal of Willhite's post-conviction petition. Second, the court will review his ineffective assistance of counsel claim.

### a. The dismissal of Willhite's post-conviction petition

Willhite claims that his right to due process was violated when the Circuit Court of Cook County dismissed his petition for post-conviction relief as frivolous and without merit. Particularly, Willhite claims that the court should have held an evidentiary hearing before dismissing his claim. Respondent argues that these claims should be dismissed because there is no federal constitutional right to state collateral review.

As a rule, a prisoner has no federal constitutional right to an evidentiary hearing on a post-conviction petition that he files in state court. *Zamora v. Pierson*, 158 F. Supp. 2d 830, 835 (N.D. Ill. 2001). The Constitution does not require states to provide a post-conviction proceeding to individuals who are convicted of crimes. *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *United States v. MacCollom*, 426 U.S. 317, 323 (1976)). An alleged deprivation of rights in a state post-conviction proceeding cannot provide the basis for federal

---

[1]Willhite also states that the state court's dismissal of his petition and his counsel's withdrawal violated his right of access to the courts. However, such claims cannot provide the basis for a writ of habeas corpus because the denial of access to the courts for collateral review of a conviction has nothing to do with the reasons for a prisoner's confinement. *United States ex rel. Hughes v. Dobucki*, No. 98 C 6238, 2002 WL 1400536, at *5 (N.D. Ill. June 26, 2002). Instead, such claims are properly brought pursuant to 28 U.S.C. § 1983. *Id.*

11

habeas relief under 28 U.S.C. § 2254, which is available only for violations of federal law that occur during a criminal conviction in state court. *United States ex rel. Thomas v. Haws*, No. 97 C 7992, 2002 WL 199778, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000)). Federal habeas corpus cannot provide relief from error in a state collateral proceeding where the error has nothing to do with the reason for the defendant's confinement. *Jackson v. Duckworth*, 112 F.3d 878, 879 (7th Cir. 1997).

However, federal habeas corpus can provide relief from errors in state collateral review when the process violates some separate constitutional right. *Id.* Willhite argues that the circuit court's failure to hold an evidentiary hearing on his post-conviction petition prevented him from asserting his claims that: (1) he was actually innocent, based on newly-acquired evidence; (2) his trial counsel was ineffective, for failing to investigate that evidence before trial; and (3) the prosecution presented perjury in its case against him. In dismissing the petition, the circuit court held that Willhite's offered evidence was not newly-acquired, as a matter of law. Additionally, the court held that Willhite had waived his perjury arguments by not asserting them on direct appeal and that he had not provided the necessary affidavits – required by Illinois law – to support his ineffective assistance of counsel claim. (Resp't Ex. F at 1-9.)

As a preliminary matter, the court finds that the circuit court needed no evidentiary hearing to reach its decisions as to Willhite's perjury and ineffective assistance of counsel claims. The circuit court disposed of those claims based upon Illinois procedural grounds and did not consider the merits of those claims. A federal habeas petitioner has no federal constitutional right to have claims heard that the state court disposed of on state procedural

grounds. *See Farmer v. Litscher*, 303 F.3d 840, 846 (7th Cir. 2002) (stating rule that a federal habeas court will not review issues that the state court resolved based upon an independent and adequate state law ground).

Additionally, the circuit court's refusal to hold an evidentiary hearing on Willhite's new evidence did not constitute a deprivation of a federal constitutional right. As a rule, "'claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in an underlying state criminal proceeding.'" *United States ex rel. Miller v. Bensko*, No. 02 C 4125, 2002 WL 31061178, at *6 (N.D. Ill. Sept. 17, 2002) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). *See also United States ex rel. Burgos v. O'Sullivan*, No. 96 C 7846, 2000 WL 1035993, at *12 (N.D. Ill. July 24, 2000) (noting that a claim of actual innocence does not constitute a substantive claim for habeas relief). Federal courts reviewing a collateral attack on a conviction may consider a petitioner's new evidence of a constitutional violation, but may not consider new evidence that merely supports the petitioner's claim of innocence. *United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000).

Here Willhite argues only that his new evidence demonstrates that he is not guilty. He does not argue that he has new evidence of any constitutional violation that occurred during his trial. Furthermore, Willhite's evidence sheds no light upon his hearsay claim, which the court has discussed *supra* Sect. II.C.1. Accordingly, the court finds that Willhite has failed to assert a claim that the state court's dismissal of his post-conviction petition violated a federal

constitutional right. Consequently, the court concludes that Willhite asserts no federal constitutional claim regarding his state court post-conviction petition.

Therefore, the court finds that Willhite's claims regarding the state court's dismissal of his petition for post-conviction relief are non-cognizable. *See Zamora*, 158 F. Supp. 2d at 836 (holding that errors in state post-conviction proceedings do not raise constitutional questions that are cognizable in federal habeas proceedings). Accordingly, the court grants respondent's motion to dismiss as to these claims.

### b. Willhite's Right to Counsel Claim

Willhite claims that his right to counsel was violated when he did not receive effective assistance of counsel on appeal of his state court post-conviction petition. Particularly, Willhite argues that his counsel was defective when he: (1) failed to properly pursue the appeal; (2) failed to confer with Willhite regarding the appeal; (3) failed to raise issues that Willhite asked him to raise; and (4) withdrew after deliberately misleading Willhite. Respondent argues that such claims are not cognizable and should be dismissed.

In *Pennsylvania v. Finley*, the Supreme Court held that the Sixth Amendment right to counsel does not attach to collateral post-conviction proceedings. *United States ex rel. Eagle v. Gramley*, No. 95 C 7168, 1999 WL 286086, at *7 (N.D. Ill. Apr. 27, 1999) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Furthermore, the Antiterrorism and Effective Death Penalty Act states, "The effectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under [the act]." 28 U.S.C. § 2254(i).

In this case, Fredrick Weil ("Weil") of the office of the Public Defender of Cook County was appointed to represent Willhite on appeal of his post-conviction petition. Although, apparently, Willhite was unable to contact Weil by telephone, Weil wrote letters to Willhite in which Weil explained the status of the appeal. Ultimately, however, Weil sought leave to withdraw, after reviewing the record and finding no appealable issues. He filed a motion pursuant to *Pennsylvania v. Finley* and a supporting brief in which he summarized Willhite's claims and explained why none of them constituted a valid claim for post-conviction relief. On June 19, 2000, after allowing Willhite to file a pro-se brief, the Appellate Court of Illinois granted Weil's motion and affirmed the circuit court's decision dismissing Willhite's post-conviction petition.

All of Willhite's claims regarding Weil are non-cognizable. Willhite had no right to counsel in a collateral proceeding and Weil's withdrawal, as well as his other actions, did not, therefore, constitute a violation of a constitutional right. *See United States ex rel. Burrell v. Page*, No. 99 C 4980, 2001 U.S. Dist. LEXIS 3143, at *43-*44 (N.D. Ill. Mar. 15, 2001) (not cited on Westlaw) (holding that effective assistance of counsel claim based on withdrawal of state post-conviction appellate counsel did not state a ground for habeas relief) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). *See also Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (holding that petitioner had never had a constitutional right to post-conviction counsel and, therefore, ineffectiveness by post-conviction counsel could not have given rise to a constitutional injury).

Therefore, the court concludes that Willhite's claims regarding his post-conviction counsel are non-cognizable. Consequently, the court grants respondent's motion to dismiss these claims.

### III. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part respondent's motion to dismiss.

Date: JAN 09 2003

James H. Alesia
United States District Judge