Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4404 | **DATE** | May 20, 2003 |
| **CASE TITLE** | *United States of America ex rel. Pierre Willhite vs. Jonathan R. Walls* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies petitioner's petition for a writ of habeas corpus [1-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 21 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 03 MAY 20 PM 4: 47 | date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
*ex rel.* PIERRE WILLHITE, )
)
Petitioner, )
)
v. ) Case No: 02 C 4404
)
JONATHAN R. WALLS ) Judge James H. Alesia
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

On January 9, 2003, the court granted in part and denied in part respondent's motion to dismiss. *United States ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882 (N.D. Ill. 2003). Currently before the court is petitioner's petition for a writ of habeas corpus. For the reasons set forth below, the court denies petitioner's petition for a writ of habeas corpus.

### I. BACKGROUND

On January 9, 1998, a jury in the Circuit Court of Cook County, Illinois convicted petitioner Pierre Willhite ("Willhite") of first-degree murder. As a result, Willhite was sentenced to consecutive terms of imprisonment of sixty years for his murder conviction and an additional six years for a home invasion conviction. Willhite filed a petition for a writ of habeas corpus, alleging that his constitutional rights were violated at trial and during review of his Illinois post-conviction petition.

Willhite appealed his conviction and sentence to the Appellate Court of Illinois, which affirmed the trial court's decision in an order dated June 14, 1999. Willhite then filed a *pro se*



petition for leave to appeal to the Supreme Court of Illinois, which was denied on October 6, 1999.

On June 28, 1999, Willhite filed a petition for post-conviction relief. The Circuit Court of Cook County denied the petition on September 23, 1999. On appeal, Willhite's attorney sought leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), because he believed that there were no meritorious issues on appeal. On June 19, 2000, the Appellate Court of Illinois granted the request to withdraw and affirmed the circuit court's judgment. On July 5, 2000, Willhite filed a petition for rehearing by the appellate court, which was denied on July 12, 2000. Ultimately, Willhite was granted leave to file a late petition for leave to appeal to the Supreme Court of Illinois. The supreme court denied the petition on June 29, 2001.

Willhite filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 17, 2002. In his petition, he raised four claims. The court, in its January 9, 2003 Memorandum Opinion, granted respondent's motion to dismiss as to three of Willhite's claims. Willhite's only remaining claim is that the prosecution bolstered its case with hearsay testimony, in violation of his Sixth Amendment right to confront witnesses against him. Willhite's claim relates to the testimony of Chicago Police Detective David March ("March"). Respondent argues that Willhite's petition should be denied because: (1) Willhite procedurally defaulted the only claim in his petition that has not been dismissed and (2) Willhite's Confrontation Clause rights were not violated. First, the court will address the procedural default issue. Second, the court will review the merits of Willhite's Confrontation Clause claim.

## II. DISCUSSION

### A. Standard for Reviewing a Petition for a Writ of Habeas Corpus

A petitioner seeking a writ of habeas corpus must establish that the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Ellsworth v. Levenhagen*, 248 F.3d 634, 638 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000)). A state court decision is "contrary to" Supreme Court precedent if the state court applies a rule that contradicts the law as set forth by the Supreme Court or if the state court addresses facts that are materially indistinguishable from a Supreme Court decision and reaches a result different from the Supreme Court. *Whitehead v. Cowan*, 263 F.3d 708, 716 (7th Cir. 2001) (citing *Williams*, 529 U.S. at 405). A state court decision is an "unreasonable application" of Supreme Court precedent when the state court identifies the proper governing precedent of the Supreme Court but unreasonably applies it to the facts or when the state court unreasonably extends Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that precedent to a context where it should apply. *Id.* (citing *Williams*, 529 U.S. at 407). With this standard in mind, the court will review Willhite's petition for habeas corpus.

### B. Procedural Default

Before reviewing the merits of a petition for a writ of habeas corpus, the court first must determine whether any of the petitioner's claims have been procedurally defaulted. A federal

3

district court may not grant a writ of habeas corpus if the petitioner has procedurally defaulted his claims during the state law proceedings. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). There are two different ways that a petitioner can procedurally default a claim: (1) by failing to raise a claim in the state court system and (2) presenting a claim to the state court system and having it rejected on an independent and adequate state ground. *United States ex rel. Brunt v. Cowan*, No. 00 C 5772, 2001 WL 521837, at *1 (N.D. Ill. May 16, 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). The court finds that Willhite raised his Confrontation Clause claim on direct appeal.[1] Therefore, at issue in this case is only whether his claim is procedurally defaulted by being disposed of on an independent and adequate state ground.

Respondent argues that the Appellate Court of Illinois's determination that Willhite had waived his claim constituted an independent and adequate state ground. Willhite argues in response that the appellate court's decision did not constitute an independent and adequate state ground for the disposal of that claim.[2]

---

[1] Willhite's brief on direct appeal was not included in respondent's original set of exhibits filed with the court. However, in response to the court's order, respondent filed a copy of the brief with chambers on May 13, 2003, and the court considered that brief as an exhibit in reviewing respondent's procedural default argument.

[2] Willhite argues that respondent has waived its right to assert procedural default by not asserting that claim in state court. (Pet'r Reply to State's Ans. at 5.) However, he provides no caselaw from courts in the Seventh Circuit – nor can the court's own research find any – to support his conclusion. Additionally, petitioner's citation to *County Court v. Allen* is distinguishable on its facts because the state court in that case did not make a finding of procedural default. 442 U.S. 140, 152 (1979). Furthermore, this court finds that respondent has raised procedural default in a timely fashion by asserting it in its answer to the petition.

A federal court will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment. *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 556 (7th Cir. 2001). A state law ground that provides the basis for a state court decision is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case. *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 261 (1989)). A state law ground is adequate when it is firmly established and regularly followed state practice at the time it is applied. *Franklin v. Gilmore*, 188 F.3d 877, 882 (7th Cir. 1999). First, the court will determine whether the decision of the appellate court constituted an adequate state ground. Second, the court will review whether the state court's decision constituted an independent state ground.

1. **Adequacy**

Willhite argues that the decision of the Appellate Court of Illinois that his claim was waived did not constitute an adequate state ground because exceptions to the Illinois waiver rule exist.

As a general rule, when an Illinois court determines that a claim has been waived because it was not preserved at trial, then that holding constitutes an adequate state ground, for purposes of a procedural default analysis. *United States ex rel. Cloutier v. Mote*, No. 00 5476, 2003 WL 67867, at *8 (N.D. Ill. Jan. 8, 2003) (citing *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997)). In fact, the case that Willhite cites supports this premise. *See Coleman v. O'Leary*, 845 F.2d 696, 701 (7th Cir. 1988) (finding that Illinois court's finding of waiver constituted an adequate state ground). Consequently, the court finds that the appellate court's decision that

5

Willhite's claim regarding March's testimony was waived constituted an adequate state ground for the disposal of his claim.

### 2. Independence

In order for a federal court to find that a state procedural bar was independent, the state court must have clearly and expressly indicated that its judgment rested upon the state law ground. *Bell*, 267 F.3d at 556. When the state court discusses both the state procedural bar and the merits of a particular claim, a federal court is precluded from reviewing that claim in a habeas petition unless the state court explicitly reached two alternative holdings. *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002). Here, with regard to Willhite's claim regarding March's testimony, the Illinois Appellate Court expressly held: "[T]he issue is waived by the failure of [Willhite] to object or raise the issue in his post-trial motion." (Resp't Ex. B, at 18.) The court then prefaced its analysis of the merits of Willhite's claim by writing, "In any event." (*Id.*) The court concludes that the Illinois court reached two alternative holdings in disposing of Willhite's claim. Although the appellate court did not expressly refer to Willhite's claim as a Confrontation Clause claim, the appellate court's language clearly indicates that it was holding Willhite's claim with regard to March's testimony to be waived. Therefore, because the Illinois court expressly held that the claim was waived, the court finds that the appellate court's decision constituted an independent state ground.

Willhite argues that the Illinois waiver rule is not independent because it includes a plain error exception. Therefore, according to Willhite, the state waiver determination is intertwined with the determination of the federal right and cannot constitute an independent state ground.

6

However, the Seventh Circuit has stated that the presence of a "plain-error" exception to a state court waiver rule does not prevent the state court rule from constituting an independent state ground. *Brooks v. Walls*, 279 F.3d 518, 523-24 (7th Cir. 2002) (citing *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383-84 (7th Cir. 1990)). Consequently, the court is unpersuaded by Willhite's argument.

Therefore, the court finds that the Illinois Appellate Court's determination that Willhite waived his Confrontation Clause claim constituted an independent and adequate state ground for its disposal of that claim on direct appeal. Accordingly, the court concludes that Willhite has procedurally defaulted his Confrontation Clause claim.

### 3. Relief from Procedural Default

Because Willhite's claim is procedurally defaulted, he may obtain federal habeas relief only if he can show cause and prejudice for the default or that a failure to grant him relief would result in a fundamental miscarriage of justice. *United States ex rel. Lewis v. Sternes*, No. 02 C 2905, 2002 WL 31687607, at *6 (N.D. Ill. Dec. 9, 2002) (citing *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000)). Willhite has made no argument to show cause and prejudice for his procedural default. Therefore, the court need determine only whether he has established that a failure to grant him relief would result in a fundamental miscarriage of justice.[3]

---

[3] To the extent that Willhite argues that the Appellate Court of Illinois improperly applied the Illinois waiver doctrine, the court notes that such arguments merely point out errors in the application of state law that are not appropriate for review when ruling on a petition for habeas corpus. *See Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) ("Errors of state law are irrelevant unless they resulted in the deprivation of a constitutional or federal right.").

The fundamental miscarriage of justice exception is a narrow exception that requires the petitioner to show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Bell*, 267 F.3d at 551 (quoting *Schlup v. Delo*, 513 U.S. 298, 315 (1995)). In order to make this showing, the petitioner must establish that "'it is more likely than not that no reasonable juror would have convicted him in light of new evidence.'" *Id.* (quoting *Schlup*, 513 U.S. at 327).

Here, Willhite offers evidence not considered at trial, which, he claims, establishes his innocence. Although the court discusses the evidence against Willhite in more depth in its analysis of the harmless error doctrine, *infra* Sect. II.D., the court will review each piece of evidence, in turn.[4] First, Willhite presents a letter apparently from Luis Cruz ("Cruz"), the surviving victim of the shooting involved in this case, indicating that he did not see Edgar Perez ("Perez") – one of the prosecution's witnesses – in the living room at the time of the shooting. This letter, however, does not differ from the defense testimony that impeached Perez's testimony that he saw the shooting. Second, Willhite includes what is apparently a page of notes taken by one of his attorneys regarding an interview with Cruz. Like the letter, these notes would not have significantly bolstered the defense case at trial because defense counsel impeached Perez as to the same points of testimony. Third, Willhite includes an affidavit signed by Tony Powell stating that Perez once said that he did not see the shooter in this case. Again, at trial, Perez's testimony that he saw the shooter in this case was impeached by the defense.

---

[4]The court has concerns about the admissibility of all three pieces of evidence, but will consider their probative value with regard to the fundamental miscarriage of justice exception without determining the admissibility.

8

Accordingly, the court cannot conclude that no reasonable juror would have convicted Willhite, in light of this new evidence.

Therefore, Willhite has failed to meet his burden of establishing that a fundamental miscarriage of justice would result if the court did not grant him relief in this case. Accordingly, the court finds that Willhite has failed to excuse the procedural default of his remaining claim, and, consequently, the claim is procedurally defaulted. Thus, the court denies Willhite's petition for a writ of habeas corpus as to this point.

C.  **Confrontation Clause**

Willhite claims that his Sixth Amendment rights were violated when the government introduced hearsay evidence at his trial, during the direct examination of March. Respondent argues that this claim lacks merit because March's statement did not constitute hearsay because it was a police officer's testimony regarding his investigative procedures.

As a general rule, evidentiary rulings of state trial courts are not subject to habeas review. *Dressler v. McCaughtry*, 238 F.3d 908, 914 (7th Cir. 2001). The admissibility of evidence is a matter of state law and does not constitute a constitutional violation unless a specific constitutional right was violated. *United States ex rel. James v. Roth*, No. 98 C 7230, 2001 WL 755433, at *5 (N.D. Ill. July 6, 2001) (citing *United States ex rel. Bibbs v. Twomey*, 506 F.2d 1220, 1223 (7th Cir. 1974)). The admission of hearsay evidence at trial can, in certain circumstances, constitute a violation of the defendant's Sixth Amendment right to confront witnesses. *Miles v. Burris*, 54 F.3d 284, 288 (7th Cir. 1995).

The Sixth Amendment – applied to the states by the Fourteenth Amendment – guarantees the right of a criminal defendant to be confronted with the witnesses against him. *Denny v. Gudmanson*, 252 F.3d 896, 900 (7th Cir. 2001). Under Illinois law, testimony is not hearsay when it is introduced only for the limited purpose of explaining the reasons that the police conducted their investigation. *United States ex rel. Gonzalez v. DeTella*, 918 F. Supp. 1214, 1223 (N.D. Ill. 1996). Federal courts apply the same rule and have recognized that a statement is not hearsay if it is offered only for the purpose of explaining a government investigation. *Miles*, 54 F.3d at 288 n.1. Generally, statements that are offered only to explain the reasons behind a police investigation are not hearsay and do not violate the Confrontation Clause because the court does not need to evaluate the truth of such statements. *United States ex rel. McCoy v. Welborn*, 857 F. Supp. 632, 637 (N.D. Ill. 1994) (citing *United States v. Martinez*, 939 F.2d 412, 414 (7th Cir. 1991); *United States v. Mejia*, 909 F.2d 242, 247 (7th Cir. 1990); *Lee v. McCaughtry*, 892 F.2d 1318, 1324 (7th Cir. 1990)).

Particularly, Willhite claims that the following testimony – during the government's direct examination of March – violated his Sixth Amendment rights.

> Q: Did you interview any other individuals [on December 10, 1993]?
> A: Yes, we also learned that the surviving gunshot victim, Luis Cruz had been released from the hospital and he was now home and we went and did a more thorough interview of him.
> Q: After you interviewed Edgar Perez and Luis Cruz that evening, what did you do[?] Did you look for anybody else that evening?
> A: Yes. One of the subjects, one of the offenders in the incident had been identified and we attempted to locate him at addresses that we had known him to use.
> Q: Who specifically did you try to locate that evening?
> A: Pierre Willhite.

(R. at D 110.) On Willhite's direct appeal of his conviction, the Appellate Court of Illinois, after holding that Willhite had waived his Sixth Amendment claim, noted that March had merely testified regarding the steps of his investigation and had not revealed the contents of Cruz's statements. (Resp't Ex. B, at 19.) Citing the investigative procedures exception to the hearsay rule, the court determined that March's testimony was admissible, under Illinois law. (*Id.*)

Willhite argues that March's testimony clearly indicated that Cruz had identified Willhite as one of the offenders in the case. Willhite points out that March also testified that when he interviewed Perez on December 10, 1993, Perez did not identify Willhite as a shooter in the case. Therefore, according to Willhite, it is clear from March's testimony that Cruz identified Willhite on that date and that such testimony constituted hearsay because Cruz was not available at trial. Furthermore, Willhite argues that the investigative procedures exception to the hearsay rule should not apply because March revealed the substance of his conversation with Cruz.

First, the court cannot conclude that March revealed the substance of his conversation with Cruz. In the cited portion of March's testimony, he merely explains that during his interviews that night – which included *both* Cruz and Perez – Willhite had been identified as a suspect in the case. March did not indicate which witness had identified Willhite as the shooter. Additionally, March's testimony that Perez did not identify Willhite as one of the shooters at that time does not appear until forty-two pages later in the trial record. Thus, the court finds that March's testimony did not reveal the substance of his conversation with Cruz.

Second, the court finds that March was merely recounting the chronology of his investigation. Therefore, the court concludes that any potentially hearsay statement in March's

11

testimony was not offered for the truth of the matter asserted – that Willhite was a suspect. Instead, it was being offered only to describe the events in the investigation that led to March beginning to look for Willhite in conjunction with the case. Therefore, the investigative procedures exception applies in this case. *See James*, 2001 WL 755433, at *6 (denying petition for habeas corpus because testimony that described the circumstances of a police investigation was not hearsay).

Therefore, the court concludes that March's testimony did not violate Willhite's Confrontation Clause rights. Accordingly, the court denies Willhite's petition for a writ of habeas corpus on this point.

**D.    Harmless Error**

Even if March's testimony had violated Willhite's Confrontation Clause rights, Willhite would not be entitled to a writ of habeas corpus because the admission of March's testimony constituted harmless error.

Recently, the Seventh Circuit resolved a question that had been unanswered in the circuit and held that the harmless error doctrine was not undermined by the 1996 passage of the Antiterrorism and Effective Death Penalty Act. *Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003). Therefore, on collateral review, in order to determine whether harmless error occurred, the court must determine whether the constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). The Seventh Circuit noted that whether a petitioner's custody violates the Constitution, laws or treaties of the United States – under 28 U.S.C. § 2254(a) – depends upon

two inquiries: (1) the merits of the claim and (2) whether any error caused the custody. *Id.* The Seventh Circuit concluded that a federal court could issue a writ of habeas corpus only when the error of federal law that occurred affected the outcome of the trial. *Id.*

The Seventh Circuit has noted, "It is well established that a violation of the Confrontation Clause may be deemed harmless error if there is overwhelming evidence of the defendant's guilt." *Denny v. Gudmanson*, 252 F.3d 896, 904 (7th Cir. 2001) (citing *Harrington v. California*, 395 U.S. 250, 253 (1969)). The factors relevant to determining whether a violation of the Confrontation Clause was a harmless error include: (1) whether the testimony was cumulative; (2) the presence or absence of evidence corroborating or contradicting the testimony of the witness; (3) the extent of cross-examination permitted; and (4) the overall strength of the prosecution's case. *Anderson v. Cowan*, 227 F.3d 893, 897-98 (7th Cir. 2000) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)).

In this case, as already noted *supra* Sect. II.C., March explained that he started looking for Willhite after speaking with Perez and Cruz. However, the testimony of Elvis Valentin ("Valentin"), Dalila Robles ("Robles"), and Sylvia Ramos ("Ramos") and their in-court identifications of Willhite as the person who had been in the argument with Valentin and Robles earlier in the evening corroborates the fact that Willhite should have been a suspect in the case. (R. at G-56, G-120, G-144.) Each witness also testified that Willhite stated that he would be back, at the end of his fight with Valentin and Robles. (R. at G-56, G-111, G-144.) Additionally, March testified that Valentin and Robles separately identified Willhite in a police line-up as the person with whom they had argued earlier in the evening. (R. at H-119.) Also,

March's testimony regarding his interview with Cruz was corroborated by Perez's testimony and in-court identification of Willhite as one of the shooters in this case. (R. at H-27.)

Further, the court notes that March's testimony regarding his interview with Cruz was merely a passing reference. Neither the prosecution nor the defense made any other reference to that testimony, either in opening or closing statements or in their cases in chief. Whether Cruz could identify Willhite as a shooter was totally irrelevant to the prosecution's presented case theory.

Finally, the prosecution's case against Willhite was quite strong. Three witnesses – Valentin, Robles, and Ramos – identified Willhite as the person who had fought with Valentin earlier in the evening. Additionally, all three of those witnesses testified that Willhite stated that he would be back. (R. at G-63, G-116, G-146.) This testimony provided evidence that Willhite had a motive and an intent to exact revenge upon Valentin and his family. Furthermore, Perez testified that he saw Willhite in the doorway firing a gun into the room. (R. at H-21.) Although the defense impeached this testimony, Perez's credibility and the weight to afford his testimony was a matter for the jury. Even in the absence of Perez's testimony, however, the testimony of Valentin, Robles, and Ramos provided strong circumstantial evidence that allowed the jury to conclude that Willhite was responsible for the shooting in this case.

Consequently, the court finds that March's testimony did not have a substantial and injurious effect upon the jury's verdict. Therefore, the court concludes that even if March's testimony had violated Willhite's Confrontation Clause rights, such a violation would constitute

harmless error. Accordingly, the court denies Willhite's petition for a writ of habeas corpus as to this point.

In conclusion, the court finds: (1) Willhite's Confrontation Clause claim is procedurally defaulted, (2) Willhite's Confrontation Clause rights were not violated by March's testimony, and (3) even if his rights were violated, it constituted harmless error. Accordingly, the court denies Willhite's petition for a writ of habeas corpus.

### III. CONCLUSION

For the foregoing reasons, the court denies Willhite's petition for a writ of habeas corpus.

Date: **MAY 2 0 2003**

James H. Alesia
United States District Judge

# United States District Court
## Northern District of Illinois
### Eastern Division

United States of America ex rel. Pierre Willhite

v.

Jonathan R. Walls

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 4404

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.
- ■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court denies petitioner's petition for writ of habeas corpus.

Michael W. Dobbins, Clerk of Court

Date: 5/20/2003

_Carol Wing_
Carol Wing, Deputy Clerk