Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4404 | **DATE** | July 3, 2003 |
| **CASE TITLE** | *United States of America ex rel. Pierre Willhite vs. Jonathan R. Walls* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse side of this order, the court denies petitioner's motion for leave to seek certificate of appealability [33-1]. The court denies as moot petitioner's motion for leave to appeal *in forma pauperis.* [32-1].

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 0 7 2003 | |
| | Notified counsel by telephone. | date docketed | 36 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CW | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  03 JUL -3 PM 1:06 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# ORDER

Petitioner Pierre Willhite ("Willhite") seeks to appeal this court's denial of his petition for a writ of habeas corpus and has filed a "motion for leave to seek certificate of appealability," which the court will treat as a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253. Willhite is seeking to appeal only the court's denial of his habeas corpus petition as to his claim regarding the admission of the testimony of Chicago Police Detective David March ("March").

Before a habeas petitioner appeals a final order on his petition to the court of appeals, he must first obtain a certificate of appealability. 28 U.S.C. § 2253(c). A district court may issue a certificate of appealability only if the petitioner has "made a substantial showing of the denial of a constitutional right." *Id.* In order to do so, the petitioner must demonstrate that reasonable jurists would find the district court's assessment to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

In support of his motion, Willhite challenges the court's decision that he procedurally defaulted his Confrontation Clause claim. Additionally, Willhite argues that: (1) he has made a substantial showing of a denial of his Sixth Amendment Confrontation Clause rights and (2) the admission of March's testimony did not constitute harmless error. The court will address each of Willhite's arguments in turn.

First, in support of his argument regarding procedural default, Willhite repeats several of the arguments that he raised in his brief. When reviewing a petitioner's motion for a certificate of appealability as to a claim that the district court denied on procedural grounds, the relevant inquiry is whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *United States ex rel. Jordan v. Walls*, No. 02 C 2906, 2002 WL 31455971, at *1 (N.D. Ill. Nov. 1, 2002) (citing *Slack*, 529 U.S. at 484). After reviewing the record, the court found that Willhite's Sixth Amendment claim was procedurally defaulted because the Appellate Court of Illinois's decision that the claim was waived constituted an independent and adequate state ground. The court's decision that Willhite's claim was procedurally defaulted was based upon clear Seventh Circuit precedent. Furthermore, the court's review of potential evidence of Willhite's innocence led the court to conclude that he was not entitled to relief from the procedural default under the fundamental miscarriage of justice exception. Accordingly, the court finds that reasonable jurists would not find the court's decision that Willhite procedurally defaulted his claim to be debatable or wrong.

Second, the court finds that, were it not procedurally defaulted, Willhite has not made a substantial showing that he was denied his Sixth Amendment rights when March testified regarding his investigation. The totality of March's testimony clearly indicated that his testimony regarding his conversation with Luis Cruz ("Cruz"), a witness, fell within the investigative procedures exception to the hearsay rule because: (1) March did not reveal the substance of his conversation with Cruz and (2) the testimony was being offered only to recount the steps that March took in his investigation before beginning to seek Willhite as a suspect. Therefore, the court concludes that reasonable jurists would not find the court's decision that Willhite was not deprived of his Sixth Amendment rights to be debatable or wrong.

Third, the court finds that Willlhite has not made a substantial showing that the court's determination that the admission of March's testimony constituted harmless error was erroneous. The court reaches this conclusion because it found: (1) March's testimony regarding seeking Willhite as a suspect in the case was corroborated by the testimony of other witnesses; (2) March's testimony included a mere passing reference to his conversation with Cruz; and (3) the prosecution presented strong circumstantial evidence that allowed the jury to conclude that Willhite was responsible for the shooting in this case.

The court finds that reasonable jurists would not find the court's decisions in denying Willhite's petition for a writ of habeas corpus to be debatable or wrong. Accordingly, the court concludes that Willhite has failed to meet his burden of making a substantial showing of the denial of a constitutional right. Therefore, the court denies Willhite's motion for leave to seek certificate of appealability. The court denies as moot Willhite's motion for leave to appeal *in forma pauperis*.